OPINION *Page 2 
{¶ 1} Defendant-appellant Marvin Johnson appeals from the December 19, 2005 and January 6, 2006, Judgment Entries of the Guernsey County Court of Common Pleas overruling his Petition for Post Conviction Relief and Motion for Competency Evaluation.
 {¶ 2} The underlying criminal case against appellant arises from the aggravated murder of 13-year-old Daniel Bailey and the rape and aggravated robbery of Tina Bailey, Daniel's mother.
 {¶ 3} The Guernsey County Grand Jury indicted Johnson on two counts of aggravated murder: Count 1, pursuant to the felony-murder provision in R.C. 2903.01(B), and Count 2, pursuant to the "prior calculation and design" provision in R.C. 2903.01(A). Each aggravated-murder count carried a death-penalty specification charging Johnson as the principal offender in a felony murder, pursuant to R.C. 2929.04(A) (7). The indictment also contained counts for kidnapping, rape, and aggravated robbery. The jury convicted him of all counts and all specifications, and, following the jury's recommendation, the trial judge sentenced him to death. For a complete statement of the underlying facts see State v.Johnson (2006), 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144.
 {¶ 4} On July 20, 2005, appellant filed a post-conviction petition in the Common Pleas Court of Guernsey County. On that same day, appellant filed a motion in the Supreme Court of Ohio to disqualify Judge Ellwood from this case. That motion was denied on July 27, 2005. Appellant amended his post-conviction petition on July 29, 2005, August 2, 2005, August 5, 2005, and August 23, 2005. *Page 3 
 {¶ 5} Appellant filed a motion for appropriation of funds for a PET scan on August 24, 2005. On August 29, 2005, appellant filed a motion for leave of court to conduct discovery. On October 19, 2005, appellant filed a motion for an order to the warden of Mansfield Correctional Institute to allow for neuropsychological testing of the appellant. On December 14, 2005, appellant filed a motion for leave to file a motion for competency determination and to stay trial proceedings.
 {¶ 6} By Judgment Entry filed December 19, 2005, the trial court denied appellant's petition for post-conviction relief, motion to conduct discovery, and appellant's request for an evidentiary hearing.
 {¶ 7} On December 20, 2005, the Court denied appellant's motion for neuropsychological testing and appellant's motion for funds for a PET scan.
 {¶ 8} On January 6, 2006, the Court denied Appellant's motion for competency determination.
 {¶ 9} Appellant timely appealed and raises the following four assignment of error for our consideration:
 {¶ 1O} "I. THE TRIAL COURT ERRED BY DENYING APPELLANTS MOTION FOR A COMPETENCY DETERMINATION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT AN EVIDENTIARY HEARING TO DETERMINE HIS COMPETENCY.
 {¶ 11} "II. THE TRIAL COURT ERRED BY APPLYING THE DOCTRINE OF RES JUDICATA TO BAR APPELLANTS FIRST, THIRD, FOURTH, SIXTEENTH, SEVENTEENTH, AND EIGHTEENTH GROUNDS FOR RELIEF. *Page 4 
 {¶ 12} "III. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS POST-CONVICTION PETITION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT MINIMUM, AN EVIDENTIARY HEARING.
 {¶ 13} "IV. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANTS POST-CONVICTION PETITION WITHOUT FIRST AFFORDING HIM THE OPPORTUNITY TO CONDUCT DISCOVERY."
 Standard of Review {¶ 14} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief".
 {¶ 15} A post conviction proceeding is a collateral civil attack on a criminal conviction. State v. Calhoun (1999), 86 Ohio St.3d 279, 281,714 N.E.2d 905; State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823. In order to obtain post conviction relief, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" R.C. 2953.21;State v. Watson (1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340.
 {¶ 16} Under R.C. 2953.21, a petitioner seeking post conviction relief is not automatically entitled to an evidentiary hearing.Calhoun, 86 Ohio St.3d at 282, *Page 5 714 N.E.2d 905. Significantly, the Ohio Supreme Court has held that the proper basis for dismissing a petition for post conviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation of resjudicata to bar the constitutional claims raised in the petition.Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; State v.Lentz (1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784.
 {¶ 17} In order for an indigent petitioner to be entitled to an evidentiary hearing in a post conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part Strickland v. Washington (1984), 466 U.S. 668 is to be applied. Hill v.Lockhart (1985), 474 U.S. 52, 58; State v. Lylte (1976),48 Ohio St. 2d 391; State v. Bradley (1989), 42 Ohio St. 3d 136; State v. Cole,supra, 2 Ohio St. 3d at 114. The petitioner must therefore prove that: 1). counsel's performance fell below an objective standard of reasonable representation; and 2). there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Id.
 {¶ 18} In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980), 64 Ohio St.2d 107, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case.
 {¶ 19} As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a *Page 6 
defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 20} Furthermore, before a hearing is granted in proceedings for post conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness.Calhoun, 86 Ohio St.3d at 289, 714 N.E.2d 905; State v. Jackson (1980),64 Ohio St.2d 107, 413 N.E.2d 819, syllabus; see, also Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674,693; State v. Phillips, supra.
 {¶ 21} "In determining how to assess the credibility of supporting affidavits in post conviction relief proceedings, the Supreme Court adopted the reasoning of the First Appellate District in State v.Moore (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319, which had looked to federal habeas corpus decisions for guidance. Id. at 753-754,651 N.E.2d at 1322-1323. The Supreme Court ultimately determined that the trial court should consider all relevant factors in assessing the credibility of affidavit testimony in `so-called paper hearings,' including the following: `(1) whether the judge viewing the post conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the *Page 7 
affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.'Calhoun, 86 Ohio St.3d at 285, 714 N.E.2d at 911-912, citingMoore, 99 Ohio App.3d at 754-756, 651 N.E.2d at 1323-1324." State v.Kinley (1999), 136 Ohio App.3d 1, 13-14, 735 N.E.2d 921, 930-31.
 {¶ 22} A trial court that discounts the credibility of sworn affidavits must include an explanation of its basis for doing so in its findings of fact and conclusions of law in order that meaningful appellate review may occur. Id., at 285, 714 N.E.2d at 911-912.
 {¶ 23} Another proper basis upon which to deny a petition for post conviction relief without holding an evidentiary hearing is resjudicata. Lentz, 70 Ohio St.3d at 530; State v. Phillips, supra.
 {¶ 24} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on *Page 8 
direct appeal." State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v.Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; State v. Phillips, supra.
 {¶ 25} Similarly, regarding claims of ineffective assistance of trial counsel in post conviction proceedings, the Ohio Supreme Court has stated that where a defendant, represented by different counsel on direct appeal, "fails to raise [in the direct appeal] the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for post conviction relief."State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus; see, also, Lentz, 70 Ohio St.3d at 530, 639 N.E.2d 784; State v.Phillips, supra.
 {¶ 26} In State v. Phillips, supra, the court noted "[significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs (1994), 100 Ohio App.3d 90, 97,652 N.E.2d 205. Such evidence "`must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of[State v. Perry (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.' "(Citation omitted.) State v. Lawson (1995),103 Ohio App.3d 307, 315, 659 N.E.2d 362. Thus, the evidence must not be *Page 9 
merely cumulative of or alternative to evidence presented at trial.Combs, 100 Ohio App.3d at 98, 652 N.E.2d 205".
 I. {¶ 27} In his first assignment of error, appellant contends that the trial court abused its discretion by failing to stay the post-conviction relief proceedings and hold a hearing on his competence to participate in the post-conviction proceedings. We disagree.
 {¶ 28} Appellant argues that he has a right to be competent during post-conviction proceedings. See, e.g., Rohan ex rel. Gates v.Woodford (9th Cir.) 334 F.3d 803. The State counters that under current Ohio law capital post-conviction petitioners do not have a right to be competent during post-conviction proceedings. See, e.g.State v. Eley, 7th Dist. No. 99 CA 109, 2001-Ohio-3447. We find that we do not need to reach this question because the evidence submitted by appellant in the trial court fails to raise a colorable claim that he is incompetent.
 {¶ 29} In the context of a criminal trial a trial court's failure to hold a competency hearing does not rise to constitutional proportions unless the record contains sufficient indicia of incompetency. State v.Bock (1986), 28 Ohio St.3d 108, 502 N.E.2d 1016. According toBock, "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel."Id. at 110, 502 N.E.2d 1016. *Page 10 
 {¶ 30} A similar standard has been employed to determine whether a defendant is mentally competent to forgo the presentation of mitigating evidence in the penalty phase of a capital case. State v. Ashworth
(1999), 85 Ohio St.3d 56, 706 N.E.2d 1231.
 {¶ 31} Appellant first argues that his behavior during his criminal trial is evidence of his incompetence. We disagree.
 {¶ 32} Appellant has in fact raised a similar issue in his direct appeal in the Ohio Supreme Court. See, State v. Johnson (2006),112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144. The Ohio Supreme Court held that appellant's indicia of incompetence did not rise to a level that demanded a hearing or an evaluation, and thus, trial court did not abuse its discretion by denying counsel's motion for a competency evaluation; defendant's refusal to heed his counsel's advice and his abandoned request to fire his counsel did not indicate that he was unable to understand nature of charges and proceedings or gravity of situation, or that he could not assist in his defense, and defendant, in his responses to court, expressed his understanding of nature of charges against him, possibility of death penalty, and ramifications of representing himself. Id. at 232-234, 2006-Ohio-6404 at ¶ 155-164, 858 N.E.2d at 1170-1172. The Court further noted "[o]n Monday, May 17, 2004, between the guilt and penalty phases of the trial, defense counsel informed the court that they had learned over the weekend that Dr. Jackson, the appointed defense psychologist, had "found symptoms consistent with severe mental illness." Counsel also related to the court that Johnson had called three times and had made statements that led counsel to question his competence. The defense renewed its motion for a mental evaluation of Johnson *Page 11 
and a competency hearing, and the court granted it, ordering the Forensic Diagnostic Center to perform the evaluation.
 {¶ 33} "At the competency hearing, held May 26, 2004, the parties stipulated to Dr. Denise Kohler's report, dated May 22, 2004, in which she found Johnson competent to stand trial, as he `is capable of understanding the nature and the objectives of the proceedings against him and of assisting in his defense.'" 112 Ohio St.3d 234,2006-Ohio-6404 at ¶ 166-167; 858 N.E.2d at 1172.
 {¶ 34} Accordingly, to the extent that appellant relies upon his behavior during trial to support his claim of incompetency, we find the matter is res judicata, the Ohio Supreme Court having found appellant's indicia of incompetence during the trial did not rise to a level that demanded a hearing or an evaluation.
 {¶ 35} Appellant next contends that during the post-conviction process the defense hired Dr. Robert L. Smith to evaluate appellant, and Dr. Smith claims that appellant's behavior during his attempts to interview him raise a question of whether appellant is competent to work with his attorneys. [Post-Conviction Petition, Exhibit O, filed July 20, 2005 at 16].
 {¶ 36} At the outset, we note that Dr. Smith was not retained to conduct a competency evaluation of the appellant. Rather, Dr. Smith was hired to "provide a psychological/chemical dependency assessment. . . ." [Id. at 1]. Appellant was evaluated on April 25, 2005 and June 13, 2005. [Id.]. Dr. Smith noted in his report that "Mr. Johnson demonstrated an understanding of his conviction and the appeal process, as well as the role of his defense counsel, prosecutor and judge. It was explained that the current evaluation was not confidential and that the results would be summarized in a *Page 12 
report to defense counsel and potentially the court. Mr. Johnson agreed to proceed under these conditions." [Id.].
 {¶ 37} Dr. Smith further noted "Mr. Johnson presented as oriented to person, place and time. His memory for recent and remote events was intact. There was no significant evidence of thought disorder. . . ." [Id. at 14].
 {¶ 38} Several psychological tests were administered during the evaluation. [Id. at 2]. Appellant discussed at length with Dr. Smith his family background [Id. at 3-5]; his health history [Id. at 5]; his psychiatric history [Id. at 5-6]; substance abuse history [Id. at 7-11]; educational history [Id. at 11]; employment history [Id. at 11]; legal history [Id. at 12]; and relationship history [Id. at 12-14].
 {¶ 39} Dr. Smith further noted that appellant's illogical, irrational and sometimes illusionary behavior "are consistent with the symptoms documented by Dr. Kohler at the time of trial." [Id.].
 {¶ 40} The Sixth Amendment does not guarantee "rapport" or a "meaningful relationship" between client and counsel. Morris v.Slappy (1983), 461 U.S. 1, 13-14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610,621.
 {¶ 41} Lack of cooperation with counsel does not constitute sufficient indicia of incompetence to raise a doubt about a defendant's competence to stand trial. State v. Vrabel (2003), 99 Ohio St.3d 184, 190,2003-Ohio-3193 at ¶ 30, 790 N.E.2d 303, 311. [Citing State v. Berry
(1995), 72 Ohio St.3d 354, 360-361, 650 N.E.2d 433]. It is noteworthy that neither of appellant's attorneys submitted an affidavit to the trial court claiming that appellant did not have a present ability to consult with his lawyer and aid in the prosecution, so to speak, of his petition. *Page 13 
 {¶ 42} Dr. Smith did not opine that appellant lacks the ability to understand the nature and objective of the proceedings against him or of presently assisting in his defense; rather he merely suggest that such is a possibility. However, as noted above, much of Dr. Smith's report refutes this suggestion.
 {¶ 43} Similarly, appellant's counsel submitted the affidavit of Pam Swanson the mitigation specialist assigned to work on appellant's post-conviction petition. [Notice of Incompetence Pursuant to Entry Filed December 16, 2005 and to Stay Proceedings filed December 28, 2005, Exhibit C]. Ms. Swanson states that she met with appellant "on various occasions" and that on "at least two different occasions" appellant refused to cooperate with her investigation. As previously noted lack of cooperation with counsel does not constitute sufficient indicia of incompetence to raise doubt about a defendant's competence to stand trial. State v. Vrabel (2003), 99 Ohio St.3d 184, 190, 2003-Ohio-3193
at ¶ 30, 790 N.E.2d 303, 311. [Citing State v. Berry (1995),72 Ohio St.3d 354, 360-361, 650 N.E.2d 433].
 {¶ 44} Finally, appellant's counsel submitted the affidavit of Dr. Thomas Boyd, a licensed neuropsychologist. Dr. Boyd's affidavit states: "During my visit with Mr. Johnson he was initially cooperative and fully compliant with the examination procedures I administered to him. In fact, he appeared to put forth a genuine effort and was persistent with the first few tasks. However, his mood and demeanor quickly changed about an hour into my visit. Specifically, Mr. Johnson became irritated when he encountered difficulty with one of the subtests on the Wechsler Adult Intelligence Scale-III (WAIS-III). It was obvious that he felt frustrated by his inability to provide a meaningful response to the task, despite trying, and his final score on the subtest was *Page 14 
indicative of marked impairment on the skills being measured. Mr. Johnson reached a ceiling on the subtest and it was discontinued. We then moved on to the next task, but, Mr. Johnson's irritation continued and when I had to query one of his answers on the new subtest and ask him to elaborate, he became overtly angry and said he did not want to continue with the testing, that is, he did not want to continue with any of the testing.
 {¶ 45} "I tried to calm Mr. Johnson and explore the reason for his distress. In essence, he indicated that the testing procedures, in general, and his failure to know how to respond to the earlier task, specifically, made him feel stupid. This elicited a further long monologue from him about experiences of being disrespected during his life. It was apparent that Mr. Johnson experienced his difficulties on the testing as a blow to his self esteem and could not tolerate the idea of continuing." Dr. Boyd continued "I believe the behaviors Mr. Johnson showed with me on November 21, 2005 and his refusal to continue with the neuropsychological examination are similar to those he showed with Dr. Smith and strongly suggest the possibility that he is not competent to assist in his own defense".
 {¶ 46} Dr. Boyd does not opine that appellant is unable to understand nature of charges and proceedings or gravity of situation, or that he could not assist in his defense, rather he merely suggests such a possibility. A lack of understanding of how the testing could be useful or how any findings from the examination would be relevant to his current legal situation is not the same thing as an inability to understand the post-conviction proceedings. One is certainly left to wonder why two mental health professionals retained during the post-conviction process by the defense failed to *Page 15 
conduct a competency evaluation, in addition to the numerous other psychological tests they administered, if they questioned appellant's competency.
 {¶ 47} Appellant's indicia of incompetence did not rise to a level that demanded a hearing or an evaluation, and thus, trial court did not abuse its discretion by denying counsel's motion for a competency evaluation. Under these circumstances, we will not disturb the trial court's findings, since there was some reliable, credible evidence supporting them. State v. Williams (1986), 23 Ohio St.3d 16, 19,23 OBR 13, 490 N.E.2d 906; State v. Hicks (1989), 43 Ohio St.3d 72, 79,538 N.E.2d 1030. Because we find that the appellant's indicia of incompetence did not rise to a level that demanded a hearing or an evaluation, the question of whether a petitioner has a right to be competent during post-conviction proceedings is not ripe for our review.
 {¶ 48} Accordingly, we find that the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 49} Appellant's first assignment of error is overruled.
 II. {¶ 50} In his second assignment of error appellant argues that the trial court erred in dismissing his first, third, fourth, sixteenth, and eighteenth claims for relief raised in his petition for post-conviction relief on the grounds that they are barred by the doctrine of res judicata. We disagree.
 {¶ 51} We begin our analysis by noting a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. State *Page 16 v. Lozier (2004), 101 Ohio St.3d 161, 166, 2004-Ohio-732 at ¶ 46,803 N.E.2d 770, 775. [Citing State ex rel. McGinty v. Cleveland City SchoolDist. Bd. of Edn. (1998), 81 Ohio St.3d 283, 290, 690 N.E.2d 1273];Helvering v. Gowranus (1937), 302 U.S. 238, 245, 58 S.Ct. 154, 158.
 A. First Claim for Relief. {¶ 52} Appellant's first argues that defense counsel was ineffective for failing to strike for cause or peremptorily strike four jurors that appellant characterizes as "automatic death penalty" jurors. We disagree.
 {¶ 53} We begin with the principle that voir dire is largely a matter of strategy and tactics. State v. Keith (1997), 79 Ohio St.3d 514, 521,684 N.E.2d 47, certiorari denied (1998), 523 U.S. 1063, 118 S.Ct. 1393,140 L.Ed.2d 652. Most important here, decisions on the exercise of peremptory challenges are a part of that strategy. State v. Goodwin
(1999), 84 Ohio St.3d 331, 341, 703 N.E.2d 1251, certiorari denied,528 U.S. 846, 120 S.Ct. 118, 145 L.Ed.2d 100. Trial counsel, who observe the jurors firsthand, are in a much better position to determine whether a prospective juror is qualified to be on the panel. Keith at 521,684 N.E.2d 47.
 {¶ 54} In support of his argument that counsel should have challenged for cause or in the alternative exercised a peremptory strike against the four jurors, appellant offers the affidavit of one of his post-conviction attorneys which summarize her telephone conversations with each juror.
 {¶ 55} As this affidavit contains or relies upon hearsay, the trial court could give it little or no weight. State v. Calhoun (1999),86 Ohio St.3d 279, 281, 714 N.E.2d 905; State v. Elmore, 5th
Dist. No. 2005-CA-32, 2005-Ohio-5740 at ¶ 109. *Page 17 
 {¶ 56} Additionally, Evid.R. 606(B) governs the competency of a juror to testify: "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict * * * or concerning his mental processes in connection therewith. * * * His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes." Evid.R. 606(B) is subject to the exception embodied in the aliunde rule, which permits a juror to offer testimony impeaching his verdict upon the presentation of impeachment evidence from a competent source other than a juror. See State v. Kehn (1977),50 Ohio St.2d 11, 18, 361 N.E.2d 1330, certiorari denied (1977), 434 U.S. 858,98 S.Ct. 180, 54 L.Ed.2d 130; State v. Poindexter (Mar. 6, 1991), 1st Dist. No. C-890734.
 {¶ 57} In the absence of evidence aliunde impeaching the jury's recommendation of sentences of death, Evid. R. 606(B) precluded consideration of the jurors' affidavits to show the effect upon the jurors' minds concerning capital punishment or the burden of proof.
 {¶ 58} The affidavit of the attorney merely summarizes the jurors' statements. This evidence is also barred by Evid. R. 606. "In order to permit juror testimony to impeach the verdict, a foundation of extraneous, independent evidence must first be established. This foundation must consist of information from sources other than the jurors themselves, Wicker v. Cleveland (1948), 150 Ohio St. 434,38 O.O. 299, 83 N.E.2d 56, and the information must be from a source which possesses firsthand *Page 18 
knowledge of the improper conduct. . . .Similarly, where an attorney is told by a juror about another juror's possible misconduct, the attorney's testimony is incompetent and may not be received for the purposes of impeaching the verdict or for laying a foundation of evidence aliunde. See Tasin v. SIFCO Industries, Inc. (1990),50 Ohio St.3d 102, 553 N.E.2d 257; Dodd v. McCammon (1920), 14 Ohio App. 160, 32 Ohio C.C. (N.S.) 68". State v. Schiebel (1990), 55 Ohio St.3d 71, 75-76,564 N.E.2d 54, 61.
 {¶ 59} The affidavit of the investigator is not competent evidence and therefore is not properly considered in appellant's petition. State v.Elmore, 5th Dist. No. 2005-CA-32, 2005-Ohio-5940
at ¶ 158; 160. That leaves only the trial transcript to support appellant's claim.
 {¶ 60} In the case at bar, appellant is represented in his direct appeal by new counsel. Counsel in that appeal can cite to the transcript contained in the court file to support a claim of ineffective assistance of trial counsel in failing to challenge the jurors. To overcome theres judicata bar, the evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. Cole, syllabus. Appellant has failed in this burden.
 {¶ 61} In any event, the affidavits do not support appellant's claim. Rather they merely indicated that the jurors found that the evidence was overwhelming and that the felony-murder aggravating circumstances in this case outweigh the mitigating factors beyond a reasonable doubt. "The record contains overwhelming evidence of Johnson's culpability for Daniel's murder, and Johnson at no point claimed innocence." State v.Johnson, supra, 112 Ohio St.3d 228, 2006-Ohio-6404 at ¶ 135,858 N.E. 2d at 1176. *Page 19 
 {¶ 62} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's effectiveness during voir dire.Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C.2953.21(C).
 {¶ 63} Accordingly, we reject the appellant's first claim for relief.
 B. Third Claim for Relief. {¶ 64} Appellant next contends that the trial counsel was ineffective by summarizing appellant's criminal record during opening statement and by failing to object when the murder victim's mother testified about his criminal history.
 {¶ 65} As appellant raised and fully litigated this issue on direct appeal, this court concludes that the trial court did not err in finding that the issue was barred by res judicata. State v. Johnson, supra,112 Ohio St.3d at 229, 2006-Ohio-6404 at ¶ 136-138, 858 N.E. 2d at 1167-78.
 {¶ 66} Accordingly, we reject the appellant's third claim for relief.
 C. Fourth Claim for Relief. {¶ 67} Appellant contends counsel was ineffective because he failed to request DNA testing of the victim's rape kit. We disagree.
 {¶ 68} In his direct appeal, appellant contended "that insufficient evidence exists to prove his rape conviction beyond a reasonable doubt because the state adduced no physical evidence, such as rape-kit evidence, to corroborate Tina's testimony". State v. Johnson, supra,112 Ohio St.3d at 217, 2006-Ohio-6404 at ¶ 53, 858 N.E. 2d at 1158. The Court held: "However, Tina's testimony satisfies the test established inJackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560 ("the relevant *Page 20 
question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Corroboration of victim testimony in rape cases is not required. SeeState v. Sklenar (1991), 71 Ohio App.3d 444, 447, 594 N.E.2d 88;State v. Banks (1991), 71 Ohio App.3d 214, 220, 593 N.E.2d 346;State v. Lewis (1990), 70 Ohio App.3d 624, 638, 591 N.E.2d 854;State v. Gingell (1982), 7 Ohio App.3d 364, 365, 7 OBR 464,455 N.E.2d 1066. Johnson's 14th proposition is not well taken".
 {¶ 69} Accordingly, appellant has failed to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness.Calhoun, 86 Ohio St.3d at 289, 714 N.E.2d 905; State v. Jackson (1980),64 Ohio St.2d 107, 413 N.E.2d 819, syllabus; see, also Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674,693; State v. Phillips, supra. There is no showing that the result of the appellant's trial would have been different had the DNA test been requested. State v. Johnson, supra, 112 Ohio St.3d at 229,2006-Ohio-6404 at ¶ 135, 858 N.E. 2d at 1167. ["Moreover, in light of the evidence against him, Johnson cannot demonstrate how the concession caused him prejudice or might have altered the trial's outcome. SeeGoodwin, 84 Ohio St.3d at 338, 703 N.E.2d 1251."].
 {¶ 70} Accordingly, we reject the appellant's fourth claim for relief. *Page 21 
 D. Sixteenth Claim for Relief. {¶ 71} Appellant next argues that statutory proportionality reporting system for death penalty cases is inaccurate and ineffectively processed in Guernsey County, Ohio.
 {¶ 72} In his direct appeal, the Ohio Supreme Court conducted an independent proportionality review and concluded "[t]he death sentence in this case is proportionate to sentences previously approved by this court in aggravated-murder cases with kidnapping, rape, or aggravated-robbery specifications. See, e.g., State v. Twyford (2002),94 Ohio St.3d 340, 368, 763 N.E.2d 122 (kidnapping); State v.Hartman (2001), 93 Ohio St.3d 274, 306, 754 N.E.2d 1150 (kidnapping);State v. Murphy (2001), 91 Ohio St.3d 516, 547, 747 N.E.2d 765
(aggravated robbery); State v. Mason (1998), 82 Ohio St.3d 144, 170-171,694 N.E.2d 932 (rape); State v. McGuire (1997), 80 Ohio St.3d 390, 404,686 N.E.2d 1112 (rape); State v. Fox (1994), 69 Ohio St.3d 183, 195,631 N.E.2d 124 (kidnapping); State v. Clark (1988), 38 Ohio St.3d 252,264-265, 527 N.E.2d 844 (aggravated robbery)". State v. Johnson, supra,112 Ohio St.3d at 253, 2006-Ohio-6404 at ¶ 310, 858 N.E. 2d at 1186.
 {¶ 73} Appellant cannot demonstrate prejudice from any procedure employed by Guernsey County in light of the independent review conducted by the Ohio Supreme Court.
 {¶ 74} Accordingly, the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C). *Page 22 
 {¶ 75} Accordingly, we reject the appellant's sixteenth claim for relief.
 E. Seventeenth Claim for Relief. {¶ 76} Appellant next argues that he will be incompetent when he is executed. In support of this argument appellant refers to the previously discussed evidence de hors the record. [Assignment of Error I, supra.]
 {¶ 77} As previously noted the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief concerning his competency.Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C.2953.21(C). Any contention that appellant will be incompetent at some future date is purely speculative.
 {¶ 78} Accordingly we reject appellant's seventeenth claim for relief.
 F. Eighteenth Claim for Relief. {¶ 79} Appellant's next argues that administration of the death penalty by lethal injection violates his constitutional rights. However, as the trial court found, the doctrine of res judicata bars appellant's claims because appellant can raise such claims on direct appeal. In addition, the Ohio Supreme Court has rejected such a claim. SeeState v. Carter (2000), 89 Ohio St.3d 593, 608, 734 N.E.2d 345.
 {¶ 80} Accordingly, we reject the appellant's eighteenth claim for relief.
 {¶ 81} For all the above-stated reasons, appellant's second assignment of error is overruled. *Page 23 
 III. {¶ 82} In his third assignment of error appellant contends that the trial court erred in dismissing his petition when he presented sufficient operative facts to warrant at a minimum an evidentiary hearing. We disagree.
 {¶ 83} We have addressed appellant's First, Third, Fourth, Sixteenth, Seventeenth and Eighteenth claims for relief and have found no merit to appellant's claims. [Assignment of Error II, supra].
 A. Second Claim for Relief {¶ 84} In his second claim for relief appellant argues that one juror shifted the burden of proof on mitigation to the defense. In support of this claim appellant submits the affidavit of counsel which summarizes her telephone conversation with the juror in question. Appellant further cites to the trial court record of the juror's voir dire. (T. at 1068).
 {¶ 85} As we have previously noted, the affidavit of counsel is not competent evidence and therefore is not properly considered in appellant's petition. State v. Elmore, 5th Dist. No. 2005-CA-32, 2005-Ohio-5940 at ¶ 158; 160.
 {¶ 86} To overcome the res judicata bar, the evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. Cole, syllabus. Appellant has failed in this burden. The voir dire of the juror which appellant cites to support his claim is contained in the trial court record. (T. at 1068). As appellant was able to raise and fully litigate this issue on direct appeal, this court concludes that the issue was barred byres judicata.
 {¶ 87} Accordingly, we reject the appellant's second claim for relief. *Page 24 
 B. Fifth, Sixth, and Seventh, Claims for Relief. {¶ 88} In his fifth, sixth, and seventh claims for relief appellant contends that counsel was ineffective in failing to conduct and adequate and reasonable investigation of appellant's background, failing to collect medical records and failing to call family members to testify, thereby failing to provide additional mitigating evidence.
 {¶ 89} In his direct appeal the Ohio Supreme Court noted "Johnson introduced evidence of a mitigating factor under R.C. 2929.04(B) (3) that "because of a mental disease or defect," he "lacked substantial capacity to appreciate the criminality of [his] conduct or to conform [his] conduct to the requirements of the law" when he killed Daniel. He also introduced evidence that he suffers from alcoholism and drug addiction and that he had consumed drugs and alcohol shortly before the murder". State v. Johnson, supra, 112 Ohio St.3d at 250, 2006-Ohio-6404
at ¶ 291, 858 N.E. 2d at 1184.
 {¶ 90} Generally, counsel's decision as to what mitigating evidence to present during the penalty phase of a capital trial is a matter of trial strategy. State v. Keith (1997), 79 Ohio St.3d 514, 530, 684 N.E.2d 47, certiorari denied (1998), 523 U.S. 1063, 118 S.Ct. 1393,140 L.Ed.2d 652. Defense counsel has a duty to investigate mitigating circumstances in order to make informed tactical decisions about what information would be most helpful to his or her client. State v. Jackson, Franklin App. No. 01AP-808, 2002-Ohio-3330 ("Jackson II"), citing State v.Johnson (1986), 24 Ohio St.3d 87, 90, 494 N.E.2d 1061. The decision to forego the presentation of additional mitigating evidence does not itself constitute proof of ineffective assistance of counsel. State v.Johnson (1986), 24 Ohio St.3d 87, 91, 494 N.E.2d 106. *Page 25 
 {¶ 91} Further, decisions regarding what witnesses to call fall within trial strategy and, absent prejudice, generally will not constitute ineffective assistance of counsel. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321. To demonstrate prejudice, a petitioner must show not only that there was mitigating evidence counsel failed to present, but, also, "there is a reasonable probability that the evidence would have swayed the jury to impose a life sentence." Keith at 536,684 N.E.2d 47. We find no such evidence here.
 {¶ 92} "Moreover, the record demonstrates that Johnson wished to hurt Tina, as demonstrated by his statement during trial: `Do you recall times after sex with me * * * that you would, after finished, you would get up and go to the window? * * * You remember that feeling? That's what it felt like to beat your son in the f* * *ing head.'
 {¶ 93} "Johnson's employment record, his history as an abused and neglected child, and his redeeming traits of spirituality, politeness, and helpfulness have little weight". State v. Johnson, supra,112 Ohio St.3d at 253, 2006-Ohio-6404 at ¶ 307, 858 N.E. 2d at 1186.
 {¶ 94} "This is not, however, a case where counsel simply abdicated their responsibility to their client, thus necessitating an evidentiary hearing to determine the effectiveness of their representation. Cf.State v. Scott (1989), 63 Ohio App.3d 304, 578 N.E.2d 841 (remanding to the trial court for a hearing on counsel's effectiveness);Johnson (finding counsel ineffective and reversing death sentence). Rather, the record firmly establishes counsel's diligent preparation and good-faith efforts at representation, and appellant's post-conviction presentation of additional or different theories of *Page 26 
mitigation does not present facts sufficient to show that his counsel were ineffective". State v. Conway, 10th Dist. No. 05AP-76, 2005-Ohio-6377 at ¶ 44.
 {¶ 95} As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 96} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C). We find there is no reasonable probability that the medical evidence, testimony by family members or other mitigating evidence set forth in appellant's fifth, sixth and seventh claims for relief would have swayed the jury to impose a life sentence.
 {¶ 97} We reject appellant's fifth, sixth, and seventh claims for relief.
 Eighth and Ninth Claims for Relief. {¶ 98} In his eight and ninth claims for relief appellant argues, in essence, that appellant's trial counsel was ineffective because the psychological testimony by Dr. *Page 27 
Richard Jackson was "generic, unbelievable, and at times harmful to the jury." Appellant contends that their post-conviction expert Dr. Robert Smith, a clinical and forensic psychologist, would testify that appellant was suffering from Schizotypal Personality Disorder which was magnified by the effects of his alcohol and drug abuse. Thus, appellant was under the influence of an extreme mental or emotional disturbance at the time of the offense.
 {¶ 99} The Ohio Supreme Court in the direct appeal concluded, upon its independent review of appellant's death sentences, that the aggravating circumstances outweighed the mitigating circumstances. The Court found that "Johnson introduced evidence of a mitigating factor under R.C.2929.04(B) (3) that "because of a mental disease or defect," he "lacked substantial capacity to appreciate the criminality of [his] conduct or to conform [his] conduct to the requirements of the law" when he killed Daniel. He also introduced evidence that he suffers from alcoholism and drug addiction and that he had consumed drugs and alcohol shortly before the murder". State v. Johnson, supra, 112 Ohio St.3d at 250,2006-Ohio-6404 at ¶ 291, 858 N.E. 2d at 1184. Accordingly, the defense did establish a mitigating factor under R.C. 2929.04(B) (3): `because of a mental disease or defect,' appellant `lacked substantial capacity to appreciate the criminality of [his] conduct or to conform [his] conduct to the requirements of the law' at the time he committed the crimes. However, the Ohio Supreme Court concluded this factor carried little weight: "Voluntary intoxication generally deserves little weight as a mitigating factor. See, e.g., State v. Dennis (1997), 79 Ohio St.3d 421,436, 683 N.E.2d 1096; State v. Campbell (2002), 95 Ohio St.3d 48, 51,765 N.E.2d 334. In addition, while Johnson may have had mood swings *Page 28 
due to intoxication on August 15, 2003, there is no evidence in the record that he suffered a manic phase at the time of the murder.
 {¶ 100} "Although stress may affect Johnson's ability to perceive reality, the record does not show that Johnson faced stressors at the time of the murder. Though we acknowledge Williamson's and Fettman's testimony regarding the severity of drug-withdrawal symptoms, no evidence shows that Johnson experienced withdrawal at the time of the murder. The lack of evidence regarding stressors has significance because, as Dr. Jackson testified, "It's only when stressors hit [that] you're likely to see outbursts." (Emphasis added.)
 {¶ 101} "Further, the record does not suggest that Johnson killed Daniel during either an `outburst,' a stress-caused `alteration of reality contact,' or any other delusional moment. Rather, the record reveals that Johnson acted deliberately, with premeditation and advance planning. Moreover, the record demonstrates that Johnson wished to hurt Tina, as demonstrated by his statement during trial: `Do you recall times after sex with me * * * that you would, after finished, you would get up and go to the window? * * * You remember that feeling? That's what it felt like to beat your son in the f* * *ing head.'"
 {¶ 102} In the case at bar, appellant failed to demonstrate a reasonable probability that, but for his counsel's failure to employ a different mitigation specialist, the R.C. 2929.04(B)(3) mitigating factor would have been assigned such weight as to compel the conclusion that the aggravating factors did not outweigh the mitigating factors. "A disorder both caused and exacerbated by the voluntary ingestion of drugs deserves *Page 29 
minimal weight in mitigation". State v. Fitzpatrick (2004),102 Ohio St.3d 321, 339, 2004-Ohio-3167 at ¶ 111, 810 N.E.2d 927, 944.
 {¶ 103} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 104} Accordingly, we overrule appellant's eight and ninth claims for relief.
 Tenth, Eleven and Twelfth Claims for Relief. {¶ 105} In his tenth claim for relief appellant argues that counsel was ineffective in failing to present testimony of a an expert in African-American cultural mitigation. In his eleventh claim for relief appellant contends that counsel was ineffective in failing to retain a neurologist. In his twelfth claim for relief appellant argues counsel was ineffective in failing to offer expert testimony that appellant is diabetic and how this would effect appellant's behavior.
 {¶ 106} In support of his claim that counsel was ineffective in failing to call a cultural mitigation expert during the mitigation phase of appellant's trial appellant's counsel submitted the affidavit of Dr. Kwame'-Osagyefo Kalimara who opined "[the murder victim] symbolized to [appellant] the years of fear, alienation, rage and oppression. Ultimately, [appellant] was too weak and felt powerless to confront his rage over perceived mistreatment. It is my professional opinion that the pathology of [appellant], which was shaped through his family and cultural environment, as well as his crake cocaine addiction, created a vehicle for him to empower himself and contribute to the brutal murder of Daniel Bailey." [Exhibit P at ¶ 22]. *Page 30 
 {¶ 107} To demonstrate prejudice, a petitioner must show not only that there was mitigating evidence counsel failed to present, but also "there is a reasonable probability that the evidence would have swayed the jury to impose a life sentence." Keith, at 536, 684 N.E.2d 47. See, also,Strickland at 2069 (stating "[w]hen a defendant challenges a death sentence * * * the question is whether there is a reasonable probability that, absent the errors, the sentence-including an appellate court, to the extent it independently reweighs the evidence-would have concluded that the balance of aggravating and mitigating circumstances did not warrant death"). "A post-conviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from the theory used at trial." Combs, at 103, 652 N.E.2d 205.
 {¶ l08} "A disorder both caused and exacerbated by the voluntary ingestion of drugs deserves minimal weight in mitigation". State v.Fitzpatrick (2004), 102 Ohio St.3d 321, 339, 2004-Ohio-3167 at ¶ 111,810 N.E.2d 927, 944. The Ohio Supreme Court in the direct appeal concluded, upon its independent review of appellant's death sentences, that the aggravating circumstances outweighed the mitigating circumstances. The Court found that "Johnson's employment record, his history as an abused and neglected child, and his redeeming traits of spirituality, politeness, and helpfulness have little weight".
 {¶ 109} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 110} Accordingly we reject appellant's tenth claim for relief. *Page 31 
 {¶ 111} In support of his eleventh claim for relief, appellant submitted the affidavit of Pam Swanson, the mitigation specialist currently working on appellant's post-conviction case. [Exhibit K]. This affidavit is a summary of Ms. Swanson's telephone conversation with Marsha Heiden, the mitigation specialist employed for appellant's trial. Ms. Swanson states, in pertinent part: "Ms. Heiden stated that she thought that our client had some neurological deficits due to his long-term drug use. Ms. Heiden believed that crack usage over a long period of time, would have produced a change in [appellant's] personality. She had suggested to the defense attorneys that they get a neurologist on board, but she does not know what happened to that suggestion." [Exhibit K at ¶ 3].
 {¶ 112} Nothing in the record provides a foundation qualifying Ms. Heiden to give an opinion that long-term drug usage requires a neurological assessment. Nor do the records, affidavits, documentary evidence, or files provide a basis for Ms. Heiden's conclusion.
 {¶ 113} As this affidavit contains or relies upon hearsay, the trial court could give it little or no weight. State v. Calhoun (1999),86 Ohio St.3d 279, 281, 714 N.E.2d 905; State v. Elmore, 5th
Dist. No. 2005-CA-32, 2005-Ohio-5740 at ¶ 109.
 {¶ 114} As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing *Page 32 
where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C.2953.21(C).
 {¶ 115} The Ohio Supreme Court in the direct appeal concluded, upon its independent review of appellant's death sentences, that the aggravating circumstances outweighed the mitigating circumstances. The Court found that "Johnson introduced evidence of a mitigating factor under R.C. 2929.04(B) (3) that "because of a mental disease or defect," he "lacked substantial capacity to appreciate the criminality of [his] conduct or to conform [his] conduct to the requirements of the law" when he killed Daniel. He also introduced evidence that he suffers from alcoholism and drug addiction and that he had consumed drugs and alcohol shortly before the murder". State v. Johnson, supra,112 Ohio St.3d at 250, 2006-Ohio-6404 at ¶ 291, 858 N.E. 2d at 1184. Accordingly, the defense did establish a mitigating factor under R.C. 2929.04(B) (3): `because of a mental disease or defect,' appellant `lacked substantial capacity to appreciate the criminality of [his] conduct or to conform [his] conduct to the requirements of the law' at the time he committed the crimes.
 {¶ 116} In State v. Phillips, supra, the court noted "Significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs (1994), 100 Ohio App.3d 90, 97,652 N.E.2d 205. Such evidence "`must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of[State v. Perry (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond *Page 33 
mere hypothesis and a desire for further discovery.' "(Citation omitted.) State v. Lawson (1995), 103 Ohio App.3d 307, 315,659 N.E.2d 362. Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial. Combs, 100 Ohio App.3d at 98,652 N.E.2d 205".
 {¶ 117} We conclude that the evidence outside the record is only cumulative of the evidence that was presented to the jury. State v.Madrigal (Nov. 17, 2000), 6th Dist. No. L-00-1006 at 7. The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 118} Accordingly, we reject appellant's eleventh claim for relief.
 {¶ 119} In support of his twelfth claim for relief appellant submits non-certified medical records and articles concerning the effects of diabetes. Appellant claims counsel was ineffective in not presenting evidence of his Type 2 diabetes and how his long history of drug abuse would impact this condition during the mitigation phase of his trial.
 {¶ 120} We have previously rejected this type of evidence as being inadmissible to prove the truth of the matter asserted. State v.Elmore, 5th Dist. No. 2005-CA-32, 2005-Ohio-5740
at ¶ 80-87.
 {¶ 121} Even if we accepted this evidence we find the records and articles are of marginal significance. "Evidence presented outside the record must meet some threshold standard of cogency' to advance the petitioner's claim beyond mere hypothesis." State v. Brown (Jan. 14, 2000), Lucas App. No.L-99-1251, quoting State v. *Page 34 Lawson (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (citation omitted). "A disorder both caused and exacerbated by the voluntary ingestion of drugs deserves minimal weight in mitigation". State v.Fitzpatrick (2004), 102 Ohio St.3d 321, 339, 2004-Ohio-3167 at ¶ 111,810 N.E.2d 927, 944.
 {¶ 122} To demonstrate prejudice, a petitioner must show not only that there was mitigating evidence counsel failed to present, but also "there is a reasonable probability that the evidence would have swayed the jury to impose a life sentence." Keith, at 536, 684 N.E.2d 47. See, also,Strickland at 2069 (stating "[w]hen a defendant challenges a death sentence * * * the question is whether there is a reasonable probability that, absent the errors, the sentence-including an appellate court, to the extent it independently reweighs the evidence-would have concluded that the balance of aggravating and mitigating circumstances did not warrant death"). "A post-conviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from the theory used at trial." Combs, at 103, 652 N.E.2d 205.
 {¶ 123} Appellant has failed in his burden to demonstrate that there is a reasonable probability that, absent the errors, the sentence-including an appellate court, to the extent it independently reweighs the evidence-would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.
 {¶ 124} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 125} Accordingly, we reject appellant's twelfth claim for relief. *Page 35 
 Thirteenth Claim for Relief. {¶ 126} In his thirteenth claim for relief, appellant argues that his trial counsel was ineffective for failing to research and present available statistical data about application of the death penalty in Guernsey County, Ohio.
 {¶ 127} As previously noted, appellant cannot demonstrate prejudice from any procedure employed by Guernsey County in light of the independent review conducted by the Ohio Supreme Court.
 {¶ 128} Accordingly, the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 129} Accordingly, we reject appellant's thirteenth claim for relief.
 Fourteenth and Fifteenth Claims for Relief {¶ 130} In these two claims appellant contends that his death sentence in Guernsey County, Ohio was the result of racial discrimination or that it was disproportionate to similarly-situated capital defendants.
 {¶ 131} In his direct appeal, the Ohio Supreme Court conducted an independent proportionality review and concluded "[t]he death sentence in this case is proportionate to sentences previously approved by this court in aggravated-murder cases with kidnapping, rape, or aggravated-robbery specifications. See, e.g., State v. Twyford (2002),94 Ohio St.3d 340, 368, 763 N.E.2d 122 (kidnapping); State v.Hartman (2001), 93 Ohio St.3d 274, 306, 754 N.E.2d 1150 (kidnapping);State v. Murphy (2001), *Page 36 91 Ohio St.3d 516, 547, 747 N.E.2d 765 (aggravated robbery); State v.Mason (1998), 82 Ohio St.3d 144, 170-171, 694 N.E.2d 932 (rape);State v. McGuire (1997), 80 Ohio St.3d 390, 404, 686 N.E.2d 1112 (rape);State v. Fox (1994), 69 Ohio St.3d 183, 195, 631 N.E.2d 124
(kidnapping); State v. Clark (1988), 38 Ohio St.3d 252, 264-265,527 N.E.2d 844 (aggravated robbery)". State v. Johnson, supra,112 Ohio St.3d at 253, 2006-Ohio-6404 at ¶ 310, 858 N.E. 2d at 1186.
 {¶ 132} Appellant cannot demonstrate prejudice from any procedure employed by Guernsey County in light of the independent review conducted by the Ohio Supreme Court.
 {¶ 133} Accordingly, the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 134} Accordingly, we reject appellant's fourteenth and fifteenth claims for relief.
 Nineteenth Claim for Relief. {¶ 135} Appellant argues that trial counsel was ineffective in failing to present mitigating evidence concerning the extent that substance abuse affected all facets of his life. [Petitioner's First Amendment to Petition to Vacate or Set Aside Judgment and/or Sentence Pursuant to Ohio Revised Code Ann. Section 2953.21 filed July 29, 2005]. We disagree.
 {¶ 136} The Ohio Supreme Court found that appellant suffers from alcoholism and drug addiction and that he had consumed drugs and alcohol shortly before the murder. *Page 37 State v. Johnson, supra, 112 Ohio St.3d at 250, 2006-Ohio-6404 at ¶ 291,858 N.E. 2d at 1184.
 {¶ 137} We conclude that the evidence outside the record is only cumulative of the evidence that was presented to the jury. State v.Madrigal (Nov. 17, 2000), 6th Dist. No. L-00-1006 at 7. Appellant has failed in his burden to demonstrate that there is a reasonable probability that, absent the errors, the sentence-including an appellate court, to the extent it independently reweighs the evidence-would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.
 {¶ 138} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 139} Accordingly, we reject appellant's nineteenth claim for relief.
 Twentieth Claim for Relief {¶ 140} In his twentieth claim for relief appellant contends defense counsel failed to investigate and/or provide mitigation evidence. Specifically, appellant contends that his trial counsel was ineffective in failing to retain a neuropsychologist to examine appellant for possible brain impairment complicated by appellant's lengthy history of drug abuse. We disagree.
 {¶ 141} "Johnson introduced evidence of a mitigating factor under R.C.2929.04(B) (3) that "because of a mental disease or defect," he "lacked substantial capacity to appreciate the criminality of [his] conduct or to conform [his] conduct to the requirements of the law" when he killed Daniel. He also introduced evidence that he *Page 38 
suffers from alcoholism and drug addiction and that he had consumed drugs and alcohol shortly before the murder". State v. Johnson, supra,112 Ohio St.3d at 250, 2006-Ohio-6404 at ¶ 291, 858 N.E. 2d at 1184.
 {¶ 142} Generally, counsel's decision as to what mitigating evidence to present during the penalty phase of a capital trial is a matter of trial strategy. State v. Keith (1997), 79 Ohio St.3d 514, 530,684 N.E.2d 47, certiorari denied (1998), 523 U.S. 1063, 118 S.Ct. 1393,140 L.Ed.2d 652. Defense counsel has a duty to investigate mitigating circumstances in order to make informed tactical decisions about what information would be most helpful to his or her client. State v.Jackson, Franklin App. No. 01AP-808, 2002-Ohio-3330 ("Jackson II"), citing State v. Johnson (1986), 24 Ohio St.3d 87, 90, 494 N.E.2d 1061. The decision to forego the presentation of additional mitigating evidence does not itself constitute proof of ineffective assistance of counsel. State v. Johnson (1986), 24 Ohio St.3d 87, 91, 494 N.E.2d 106.
 {¶ 143} Further, decisions regarding what witnesses to call fall within trial strategy and, absent prejudice, generally will not constitute ineffective assistance of counsel. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321. To demonstrate prejudice, a petitioner must show not only that there was mitigating evidence counsel failed to present, but, also, "there is a reasonable probability that the evidence would have swayed the jury to impose a life sentence."Keith at 536, 684 N.E.2d 47. We find no such evidence here.
 {¶ 144} The only evidence in support of this argument is the affidavit of the current mitigation specialist who summarizes her conversation with the former mitigation specialist. [Exhibit K]. As this affidavit contains or relies upon hearsay, the trial court *Page 39 
could give it little or no weight. State v. Calhoun (1999),86 Ohio St.3d 279, 281, 714 N.E.2d 905; State v. Elmore, 5th
Dist. No. 2005-CA-32, 2005-Ohio-5740 at ¶ 109.
 {¶ 145} As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C.2953.21(C).
 {¶ 146} Appellant has failed in his burden to demonstrate that there is a reasonable probability that, absent the errors, the sentence-including an appellate court, to the extent it independently reweighs the evidence-would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.
 {¶ 147} The petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 148} We reject appellant's twentieth claim for relief. *Page 40 
 Twenty-First Claim for Relief. {¶ 149} In his twenty-first claim for relief appellant asserts that the cumulative effect of the errors alleged in his post-conviction petition warrant an evidentiary hearing. Pursuant to the doctrine of cumulative error, a judgment may be reversed where the cumulative effect of errors deprives a defendant of his constitutional rights, even though the errors individually do not rise to the level of prejudicial error.State v. Garner (1995), 74 Ohio St.3d 49, 64, 656 N.E.2d 623, certiorari denied (1996), 517 U.S. 1147, 116 S.Ct. 1444, 134 L.Ed.2d 564. Because we have found no instances of error in this case, the doctrine of cumulative error is inapplicable.
 {¶ 150} Therefore, we reject appellant's twenty-first claim for relief.
 {¶ 151} For all the above-stated reasons, appellant's third assignment of error is overruled.
 IV. {¶ 152} In his fourth assignment of error appellant contends that he was entitled to conduct discovery prior to the trial court's dismissal of his petition. We have previously rejected this argument. State v.Elmore, 5th Dist. No. 2005-CA-32, 2005-Ohio-5740
at ¶ 25.
 {¶ 153} "Further, appellant has not demonstrated any prejudice by the court's failure to grant him discovery. Appellant submitted hundreds of pages in support of his petition for post-conviction relief. It does not appear that appellant's presentation of materials in support of his petition was hampered in any way by the court's failure to allow him to conduct discovery". State v. Ashworth (Nov. 8, 1999), 5th Dist. No. 99-CA-60; See also, Williams v. Bagley (6th Cir. 2004), 380 F.3d 932,967. *Page 41 
 {¶ 154} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 155} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed. Costs to appellant. *Page 1