DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellee, Tamra Stewart, has filed a motion to dismiss the appeal of defendant-appellant, State Farm Mutual Automobile Insurance Company, alleging that the order from which the appeal is taken is not final and appealable. Stewart has filed a memorandum in opposition. For the reasons that follow, the motion is found well-taken.
 {¶ 2} The pertinent case history is that Stewart filed a complaint against State Farm seeking a declaration that she is entitled to underinsured motorist coverage under a State Farm Policy, asking for an award of damages for injuries that she sustained in an automobile accident and for attorney fees. Stewart had previously been paid the limits of the tortfeasor's insurance policy. State Farm filed a motion for summary judgment, alleging that Stewart is not entitled to underinsured coverage for various reasons. Stewart filed a motion for partial summary judgment[1] on the issue of coverage, urging the court to declare that she does have underinsured motorist coverage under the State Farm policy. On August 8, 2005, the court denied State Farm's motion for summary judgment and granted Stewart's motion for partial summary judgment, declaring that there is coverage but not addressing her claim for damages or attorney fees. State Farm filed this appeal.[2]
 {¶ 3} Stewart filed her motion to dismiss the appeal on the grounds that the August 8 order is not final and appealable because it determines coverage only but not the amount of damages and it does not contain a Civ.R. 54(B) determination that there is no just reason for delay. We agree.
 {¶ 4} Analysis of the issue must begin with R.C. 2505.02, which defines what types of orders are final and appealable.[3] If an order is final under that code section, then we must determine whether Civ.R. 54(B) applies and, if so, whether its requirements are met. See ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus, where the court states: "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.2505.02 are met."
 {¶ 5} R.C. 2505.02 states, in pertinent part:
 {¶ 6} "(A) As used in this section:
 {¶ 7} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 8} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 9} "(3) * * *
 {¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 11} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 12} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 13} "(3) * * *."
 {¶ 14} Civ.R. 54(B) states:
 {¶ 15} "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 16} In the instant case, the order being appealed is covered by R.C. 2505.02(B)(2), "an order that affects a substantial right made in a special proceeding." See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17. In that case, the trial court issued an order declaring that an insurance company had no duty to defend but left other issues unresolved. The Ohio Supreme Court held that the order affected a substantial right and was made in a special proceeding (a declaratory judgment action), thus it fit into the R.C. 2505.02(B)(2) category of final orders. The court then addressed Civ.R. 54(B) and found that since the order being appealed was final pursuant to R.C. 2505.02(B)(2) and it contained a "no just reason for delay" determination, it was immediately appealable despite the fact that other issues remained to be resolved by the trial court.
 {¶ 17} In the present case, the court determined, in a declaratory judgment proceeding, that there is insurance coverage for plaintiff's injuries but it does not determine the amount of damages. However, unlikeGeneral Accident the trial court's order in our case does not contain a determination that there is no just reason for delay. Therefore, we find that the order cannot be appealed until Stewart's claim for damages for injuries that she sustained and for attorney fees have been adjudicated.
 {¶ 18} Much of the confusion in this area of law is because an order determining coverage but not damages in declaratory judgment action (a "special proceeding") is treated differently from a similar order in a "non-special proceeding" such as an ordinary breach of contract action or a case grounded in negligence. Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.
(1989), 44 Ohio St.3d 17, makes it clear that with a Civ.R. 54(B) certification that there is no just reason for delay, an order in a declaratory judgment action finding that there is insurance coverage, but not addressing the amount of damages, is final and appealable under R.C.2505.02(B)(2) since a declaratory judgment action is a special proceeding. However, a similar order in a breach of contract case or an ordinary negligence action which establishes liability by finding that the contract was breached or that the defendant was negligent and that negligence was the proximate cause of the injury, but not awarding damages, is not final and appealable even if it contains a Civ.R. 54(B) no just reason for delay determination. See, Noble v. Colwell (1989),44 Ohio St.3d 92, 96 ("As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed."). This is because the order establishing liability in a non-special proceeding does not fit into any category of R.C. 2505.02.
 {¶ 19} The motion to dismiss is granted. This appeal is ordered dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Motion granted.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., Concur.
[1] It is clear from the record that Stewart filed this motion since State Farm responded to it and the trial court judge discusses it in his decision. However, the actual motion for summary judgment is not in the record of this case and there is no indication on the court's appearance docket that it was ever filed.
[2] State Farm states that this appeal is taken from an order denying summary judgment, which is generally not appealable. However, the trial court judgment actually grants plaintiff's motion for partial summary judgment on the issue of coverage, so this is not an appeal from the denial of summary judgment.
[3] We note that the Ohio Revised Code contains some miscellaneous statutes that make specific types of orders final and appealable even if they do not fit into an R.C. 2505.02 category. See, for example, R.C.2705.09 contempt orders, R.C. 2711.15 orders confirming, modifying, correcting or vacating an arbitration award, R.C. 2305.252 orders to produce records from peer review files under R.C. 2305.25, and R.C. 2744.02
orders denying alleged governmental immunity. We need not address this step in our analysis of this case.