DECISION AND JUDGMENT ENTRY OF DISMISSAL
{¶ 1} This matter is before us on the issue of our jurisdiction to review the trial court's December 12, 2006, judgment. Appellant complains that the parties have not raised the issue and that we have waited until after the completion of briefing to question our authority to decide this case. However, it was not apparent a jurisdictional problem existed until we began our review of the merits. More importantly, we have a duty to raise the issue sua sponte because it is improper for us to proceed in the absence of jurisdiction. *Page 2 
 {¶ 2} In January 2003, appellees, Styrk and Betty Walburn, filed a complaint naming Wendy Sue Dunlap, Ohio Mutual Insurance Group, The Cincinnati Insurance Company, and appellant, National Union Fire Insurance Company of Pittsburgh, PA, as defendants. The Walburns alleged that Styrk had been injured in an automobile accident caused by Dunlap while Styrk was in the course and scope of his employment with The Sherwin-Williams Company. They also claimed that Dunlap was either uninsured or underinsured at the time of the accident, and that they therefore were entitled to UM/UIM coverage through their insurance company, Ohio Mutual, Betty's employer's insurance company, Cincinnati Insurance, and National Union, which insured Sherwin-Williams.
 {¶ 3} On February 4, 2005, the trial court granted summary judgment to National Union. Although the trial court's entry dismissed National Union as a party to the action, the court did not include a finding that there was no just reason for delay. Thus, it was not a final appealable order because the case involved multiple parties and claims. See Civ.R. 54(B) and General Acc. Ins. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 20.
 {¶ 4} On February 18, 2005, appellees filed a motion asking the trial court to reconsider its decision. On August 25, 2006, the trial court vacated its February 4, 2005 judgment. Because the February 4, 2005, order was not final, the trial court had jurisdiction to reconsider it. See Id. and Pitts v. Ohio Dept. of Transportation (1981),67 Ohio St.2d 379, fn.1, 423 N.E.2d 1105.
 {¶ 5} On August 28, 2006, the trial court granted the Walburns' summary judgment and denied National Union's similar request, finding that the Walburns were *Page 3 
entitled to coverage up to $2,000,000. This time, the trial court included the Civ.R. 54(B) language concerning no just reason for delay.
 {¶ 6} On September 14, 2006, National Union filed a motion for reconsideration of the August 28, 2006, judgment in favor of the Walburns. On September 25, 2006, National Union filed a notice of appeal from that judgment with this court (Vinton App. No. 06CA653). Later that same day, however, the trial court vacated its August 28, 2006, judgment because it incorrectly concluded that judgment was not a final appealable order as it did not terminate the entire action. On September 28, 2006, National Union filed a motion to voluntarily dismiss its appeal. We granted the motion on October 4, 2006. See, Vinton App. No. 06CA653.
 {¶ 7} On December 12, 2006, the trial court issued another judgment granting the Walburns' motion for summary judgment and denying National Union's motion. National Union filed its notice of appeal in this case (Vinton App. No. 06CA655) on December 27, 2006.
 {¶ 8} After reviewing the record and the memoranda of the parties, we conclude we do not have jurisdiction to review the appeal filed by National Union on December 27, 2006. App.R. 4(A) requires an appellant to file the notice of appeal within thirty days of the filing of a final judgment from which it appeals. The trial court's August 28, 2006, judgment, which it unsuccessfully attempted to vacate, is the final appealable order finding coverage in favor of the Walburns, not the December 27, 2006, entry.
 {¶ 9} We acknowledge that determining what is a final appealable order can be difficult in litigation involving multiple parties and claims. In order to make that determination, we engage in a two step process. First, we look at R.C. 2505.02 to see if *Page 4 
the order is "final." Second, if it is final, we must then look to see if Civ.R. 54(B) language is required. General Acc. Ins., supra, at 21.
 {¶ 10} R.C. 2505.02 states:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.
Declaratory judgment actions are special proceedings and a determination on the issue of insurance coverage affects a substantial right of both the insured and the insurer. General Acc. Ins. at 21-22. Thus, the August 23, 2006, judgment was a final order. Because the litigation involved multiple claims and parties, and the August 28, 2006, judgment did not adjudicate them all, Civ.R. 54(B) applied. After the trial court found that there was no just reason for delay, this order was both final and appealable. See Civ.R. 54(B) and General Acc.Ins. at 20. See also, Stewart v. State Farm Mutual Automobile Ins.Co., Lucas App. No. L-05-1285, 2005-Ohio-5740, ¶ 17 et seq.
 {¶ 11} National Union did initially appeal the August 28, 2006, judgment. However, it subsequently voluntarily dismissed that appeal in misguided reliance on the trial court's reconsideration entry of September 25, 2006, which attempted to vacate its prior order. However, the motion for reconsideration and the trial courts corresponding judgment were nullities because there is no mechanism for a trial court to reconsider a final order. See Pitts at 378.
 {¶ 12} The December 12, 2006, judgment is not the final appealable order from *Page 5 
which National Union may appeal. The August 28, 2006, entry effectively terminated the action with respect to National Union because it arose in a special proceeding and the finding of coverage affected a substantial right. It became appealable by virtue of its no just reason for delay language. See Civ.R. 54(B) and General Acc. Ins., supra. See also,Stewart, supra at ¶ 18 explaining the different treatment awarded special proceedings and ordinary actions such as breach of contract or tort. On October 4, 2006, when we granted National Union's motion to voluntarily dismiss the appeal in Vinton App. No. 06CA653, the right to appeal the trial court's August 28, 2006, declaration of the Walburns' right to coverage was effectively terminated.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 6