[Cite as *State v. Church*, 2018-Ohio-368.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2017CA00216 |
| JAMES CHURCH | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County Court of Common Pleas, Case No. 2016-CR-488

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 29, 2018

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Stark County Prosecutor
BY: KRISTINE W. BEARD
110 Central Plaza South
Canton, OH 44702

For Defendant-Appellant

JAMES CHURCH PRO SE
Inmate No. A684-897
Belmont Correctional Institution
Box 540
St. Clairsville, OH 43950

*Gwin, J.,*

{¶1} Defendant-appellant James Edward Church ["Church"] appeals the October 30, 2017 judgment entry of the Stark County Court of Common Pleas that denied his petition for post-conviction relief.

## Facts and Procedural History

{¶2} Church was convicted after a jury trial on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4), with a major drug offender specification, R.C. 2941.1410; and one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(f), with a major drug offender specification, R.C. 2941.140.

{¶3} Church was sentenced to serve a mandatory 11 years for each of the felony offenses. The court merged the two convictions for sentencing purposes for an aggregate 11-year mandatory sentence.

{¶4} Church filed a timely appeal from his conviction and sentence. On May 30, 2017, this Court affirmed Church's conviction and sentence. *State v. Church*, 5th Dist. Stark No. 2017CA00167, 2017-Ohio-4103, *appeal not accepted for review*, 150 Ohio St.3d 1454, 2017- Ohio-8136, 83 N.E.3d 939.

{¶5} On October 6, 2017, Church filed a Petition for Post-Conviction Relief. In the Petition, Church argued that he was denied the effective assistance of counsel at the negotiated plea stage of the criminal proceedings. Specifically, Church argued that his attorney failed to advise him that he would be facing a mandatory drug specification if he did not accept the plea. In support, Church directed the trial court's attention to the transcript of proceedings. Church did not provide the trial court with any evidence de hors

the record to support his claim. On October 31, 2017, the trial court denied Church's petition for post-conviction relief.

{¶6} In the ruling, the trial court held that the petition was barred by the doctrine of res judicata. In addition, the Court stated that both the state and the court advised Church of the possible sentence and the potential imposition of a mandatory sentence pursuant to the major drug offender specification if he were convicted after a jury trial. The trial court also stated that Church was offered a 6-year mandatory sentence in exchange for a guilty plea, which he twice rejected.

*Assignments of Error*

{¶7} Church raises three assignments of error,

{¶8} "I. DID THE TRIAL COURT ABUSE ITS DISCRETION, WHEN IT UNREASONABLY APPLIED THE DOCTRINE OF RES JUDICATA TO CHURCH'S CASE?

{¶9} "II. WAS TRIAL COUNSEL INEFFECTIVE WHEN HE FAILED TO INVESTIGATE AND EXPLAIN THE PENALTIES OF THE PLEA BARGAIN TO APPELLANT, SO THAT CHURCH COULD MAKE AN INFORMED DECISION AS TO WHETHER TO ACCEPT THE PLEA OFFER?

{¶10} "III. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT FAILED TO REMEDY THE MISUNDERSTANDING BETWEEN CHURCH AND TRIAL COUNSEL?"

*Pro se Litigants*

{¶11} We understand that Church has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and

procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶12} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in the parties' briefs that are outside of the record.

{¶13} In the interests of justice, we shall attempt to consider Church's assignments of error.

## I, II & III.

{¶14} Each of Church's assignments of error arises from the trial court's denial of his petition for post-conviction relief. Church's contentions center upon his claim of ineffective assistance of trial counsel during the plea negotiation stage of the case.

**Standard of Appellate Review.**

**A. Post-conviction relief.**

{¶15} R.C. 2953.21(A) states in part,

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States… may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶16} A petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy,* 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526(Dec. 26, 2000); *Accord, State v. Zich,* 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶9. Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67(1994). A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio

St.2d 107, 110, 413 N.E.2d 819(1980). *State v. Lewis,* 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶ 8.

{¶17} In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will receive a hearing. In *State v. Calhoun*, the Ohio Supreme Court held that a trial court could dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." 86 Ohio St.3d 279, 714 N.E.2d 905(1999), paragraph two of the syllabus,

{¶18} In *State v. Gondor*, the Court held that a trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77(2006), ¶ 58.

{¶19} An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

### ISSUE FOR APPEAL

A. Whether Church was prejudiced by his attorney's representation during the plea negotiation stage of his case.

{¶20} After reviewing Church's brief including his contentions, we have interpreted Church's second assignment of error in the following manner: Church maintains he received ineffective assistance of trial counsel. Specifically, Church maintains that his trial counsel did not explain that Church would be subjected to a mandatory sentence due to the major drug offender specifications. Church further contends that his counsel did not explain that he would not receive a mandatory eleven years sentence pursuant to the terms of a plea bargain offered by the state.

### 1). Ineffective Assistance of Counsel in post-conviction relief claims.

{¶21} In order for an indigent petitioner to be entitled to an evidentiary hearing in a post- conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 838, 122 L.Ed.2d (1984) test is to be applied. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶22} The petitioner must therefore prove that: 1). counsel's performance fell below an objective standard of reasonable representation; and 2). there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Id.

{¶23} Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *Calhoun,* 86 Ohio St.3d at 289, 714 N.E.2d 905; *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819(1980),

syllabus; see, also *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693(1984).

a]. Ineffective assistance of counsel during plea-bargaining.

**{¶24}** *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), concerned the right to effective assistance of counsel with respect to communicating formal plea offers to a criminal defendant.  Id. at 1408.  The court in *Frye* held that "defense counsel has the duty to communicate *formal* offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  Id. (Emphasis added).  The Court's decision was based on "[t]he reality * * * that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages."  Id., —— U.S. ——, 132 S.Ct. at 1407, 182 L.Ed.2d 379.

**{¶25}**  In *Frye*, defense counsel had received a letter from the prosecutor offering a choice of two plea bargains.  The offers were for a sentence substantially less than what the defendant otherwise faced was; both of the offers had an expiration date.  Id., __U.S.__, 132 S.Ct. at 1404, 182 L.Ed.2d 379.  Defense counsel never advised his client of the offers, and they expired.  Id.  The defendant eventually pled guilty and was sentenced to the lengthier sentence.

**{¶26}**  In the case at bar, the following exchange occurred on July 14, 2016,

THE COURT: This is Case No. 2016CR0488, James Edward Church.

Mr. Church, you have several charges, trafficking in cocaine that carries a penalty of 3 to 11 years. Possession of cocaine, 3 to 11 years. Major drug offender specs --

[PROSECUTOR]: That makes it mandatory, yes, the mandatory full term. So it would be 11 total.

THE COURT: 11 total on both counts. So you are looking at a lot of years that you could be serving in prison.

Your attorney has an argument that some of them merge.

But nevertheless let me tell you where we are at.

We are getting ready to proceed at trial and start the suppression hearing today.

Your attorney who has done a marvelous job and has spoken to me. The offer was 7 years. He asked whether I would consider 5 and I said no. I would consider 6, but I would give you till next Wednesday to decide whether you want to take it or not.

And under the law I need to let you know the offer. That offer will be pulled unless we hear by Wednesday at 9:00 a.m.

I don't know all the facts of the case. If it goes to trial, all bets are off. In some cases I have given more, some cases I have given less.

* * *

So that offer of 6 years will remain until next Wednesday. If not, we will do the suppression hearing August 8 at 10:30. Your trial would be August 7.

But I want to make it very clear because I try to be upfront with everybody because I have --

[DEFENSE COUNSEL]: Seventeenth.  He misspoke.

THE COURT: August 17, I'm sorry.

DEFENDANT CHURCH: I was confused a little bit.

THE COURT: I am not going to let you come the last day and take the offer.  We will need to know what that offer is on Wednesday.  Okay?

Now, I always want to make sure that everybody in the case and everybody that is here understands what's going on.

Is there anything that you don't understand?  Before you ask it, ask your lawyer first, any questions that you have.

DEFENDANT CHURCH: No, just the misunderstanding and you already corrected it.

THE COURT: Pardon?

DEFENDANT CHURCH: I said just the misunderstanding, you already corrected it.

THE COURT: Let's go through it again.  The offer was, I went to 6 years, I will keep that until 9:00 Wednesday morning.

If you don't accept it, and that's your constitutional right, the suppression will be August 8 at 10:30 and your trial is August 17 at 8:30 a.m.

DEFENDANT CHURCH: So I have to be here at 9:00 Wednesday.

THE COURT: No, no, we will do it the following Monday. We just need to know and then we would bring you in the following Monday to plead. That's a good question. Okay?

Anything else? Okay. Thank you for your time, everybody.

T., July 14, 2016 at 3-6.

The record of the plea offer reflects that Church's retained trial counsel tried to negotiate a deal for a 5-year mandatory sentence. Both the state and the Court rejected that request. The Court then advised Church that his charges for trafficking in cocaine carried the possible penalties of between 3 to 11 years of incarceration. Church was further advised that the major drug offender specifications required the court to impose a mandatory term of incarceration. The Court also addressed Church and asked him if there was anything that he did not understand to which Church responded, "No." Church was then given approximately a week to consider whether he would accept the plea deal. Church did not accept the offer by the trial court's deadline.

On August 15, 2016, the day before trial and prior to the suppression hearing, the following exchange occurred,

THE COURT: Mr. Church, are you James Edward Church?

DEFENDANT CHURCH: Yes, Your Honor.

THE COURT: We are here on the record, we are here for a suppression hearing. It was supposed to start at 10:30. I have been on the bench for a half hour.

There has been an offer of 6 years, which has been offered to you, which is less than I indicated that I would give.

We have a trial that would begin tomorrow morning. You are facing trafficking in cocaine, 3 to 11 years. Possession of cocaine, 3 to 11 years. With two major drug offender specification charges.

[PROSECUTOR]: Makes it mandatory 11, Your Honor.

THE COURT: I mean you are looking at possible a lot of years. I need to know what your intention is to do today.

DEFENDANT CHURCH: The maximum years that I can get right now.

THE COURT: You know what, I just got the file here. I am not doing any math on the record. That's not my job. Do you know right offhand?

[PROSECUTOR]: Major drug offender specification is a minimum/maximum, Your Honor. So therefore if he is found guilty as is, it would be a mandatory 11 on each.

There could be an argument of merger. But it is a mandatory 11 years.

THE COURT: That is your attorney's obligation to inform you of that. That's her interpretation of it.

So I need to know what you want to do today. This has been going on for quite sometime. We have continued it several times for you.

What is it you want to do today?

DEFENDANT CHURCH: Seems like a lot of problems going on right now, Your Honor.

THE COURT: Well, today is the suppression hearing. Tomorrow is the trial.

So I mean the 6 years will go off the table once we begin the suppression hearing.

DEFENDANT CHURCH: What about the problems that me and my attorney is having?

THE COURT: I'm sorry?

DEFENDANT CHURCH: What about the problems me and my attorney are having?

THE COURT: Well, I don't know what kind of problems you are having.

T., Aug. 15, 2016 at 4-6.

{¶27} On August 15, 2016, the day before trial and prior to the suppression hearing, the court again agreed to extend the 6-year offer but advised Church that the offer would expire when the suppression hearing commenced. Church did not accept the deal prior to the suppression hearing.

{¶28} Church never stated in open court that he would have accepted the 6-year plea deal. Nor did Church ask for time to discuss the matter with his attorney. Church did not dismiss his retained counsel; nor did he request the trial court appoint substitute counsel.

{¶29} It is clear that the plea offer was extended to Church in open court on two occasions. Church was clearly told the offer would expire upon the commencement of

the suppression hearing. Accordingly, this is unlike the defendant in the *Frye* case who was never told of the state's plea offer.

{¶30} In *Lafler v. Cooper,* __ U.S.__, 132 S.Ct. 1376, 182 L.Ed. 398 (2012), a favorable plea offer was reported to the client and rejected on the advice of counsel, who advised the defendant that the state could not prove intent because the victim was shot below the waist, even though the defendant shot the victim three times and missed her head once. The defendant took the case to trial and was convicted, after which he received a sentence more than three times higher than the plea offer. Notably, in an earlier communication with the trial court, the defendant had admitted guilt and expressed a willingness to accept the plea offer.

{¶31} In *Lafler*, the Court reiterated that the Sixth Amendment requires effective assistance not just at trial but at all critical stages of a criminal proceeding, including plea bargaining. 132 S.Ct. at 1384. In order to prevail on a claim of ineffective assistance of counsel when counsel's ineffective advice led to the rejection of a plea offer, the Court held that "a defendant must show that but for the ineffective advice, there is a reasonable probability that [1] the plea offer would have been presented to the court ...; [2] the court would have accepted [the plea];" and (3) the defendant was convicted of more serious offense or received a less favorable sentence than he would have received under the terms of the offer. Id. at 1385. However, defense counsel's deficient performance was stipulated in *Lafler. Id.* at 1383, 1391. The issue of deficient performance was not before the Court and was specifically not addressed. *Id.* at 1384, 1391. In fact, the Court declared, "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Id.* at 1391.

**{¶32}** In the case at bar, Church was informed of the plea bargain and rejected it in open court. Nothing in the record before this Court suggests that Church's retained trial counsel advised Church to reject the plea bargain. Further, we are mindful that in *Florida v. Nixon*, the United State Supreme Court made the following observation,

> A defendant, this Court affirmed, has "the ultimate authority" to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n. 1, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C. J., concurring). Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action.
>
> * * *
>
> While a guilty plea may be tactically advantageous for the defendant, [*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], at 240, 89 S.Ct. 1709, the plea is not simply a strategic choice; it is "itself a conviction," id., at 242, 89 S.Ct. 1709, and the high stakes for the defendant require "the utmost solicitude," id., at 243, 89 S.Ct. 1709. Accordingly, counsel lacks authority to consent to a guilty plea on a client's behalf, *Brookhart v. Janis*, 384 U.S. 1, 6-7, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); moreover, a defendant's tacit acquiescence in the decision to plead is insufficient to render the plea valid, *Boykin*, 395 U.S., at 242, 89 S.Ct. 1709.

534 U.S. 175, 187-188, 125 S.Ct. 551, 160 L.Ed.2d 565(2004).

**CONCLUSION.**

**{¶33}** In support of his PCR petition, Church submitted his own affidavit and copies of the transcripts from the pre-trial hearings. As self-serving testimony, the trial court could give little or no weight to Church's affidavit. *See, State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999); *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983) (letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea process might be sufficient to warrant a hearing, although defendant's own affidavit alleging same defect would not, because the former are not self-serving declarations); *State v. Elmore,* 5th Dist. No. 2005-CA-32, 2005-Ohio-5740, ¶109. The judge who reviewed defendant's post-conviction relief petition was the same judge who presided at the jury trial and the sentencing hearing. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess the credibility of Church in his affidavit having presided over Church's jury trial. *Calhoun*, supra, 86 Ohio St.3d 279, 286.

**{¶34}** The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Church set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's effectiveness during plea negotiations. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

**{¶35}** The trial court's findings are supported by competent and credible evidence.

B. Whether the record supports Church's contention that he and his attorney "had problems."

{¶36} After reviewing Church's brief including his contentions, we have interpreted Church's third assignment of error in the following manner: whether the trial court failed to remedy a misunderstanding between Church and his retained trial counsel.

{¶37} Church was represented by retained counsel of Church's choosing in the trial court. Church has not submitted affidavits or evidentiary materials to substantiate his claim that he and his attorney had any misunderstandings concerning the plea offer by the state as explained in open court by the trial judge.

{¶38} The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." An element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The erroneous denial of counsel of choice constitutes structural error. *United States v. Gonzalez–Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *State v. Chambliss*, 128 Ohio St.3d 507, 2011–Ohio–1785, 947 N.E.2d 651, ¶18. Such an error requires an automatic reversal of a conviction. *Chambliss,* ¶ 18; *Gonzalez–Lopez*, 548 U.S. at 148.

{¶39} The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610(1983); *State v. Blankenship*, 102 Ohio App.3d 534, 657 N.E.2d 559 (12th 1995); *State v. Burroughs*, 5th Dist. Delaware No. 04CAC03018, 2004-Ohio-4769, ¶ 11.

{¶40} When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to

counsel's judgment in the matter. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), *citing People v. Miller* (1972), 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089; *State v. Wiley*, 10th Dist. No. 03AP-340, 2004- Ohio-1008, ¶ 21.

{¶41} Our review of the record in Church's case demonstrates that he was thoroughly prepared. The record does not contain any evidence that any statements or actions of Church's retained trial counsel motivated Church's decision to reject the plea bargain and proceed to a jury trial. Likewise, the record does not contain any evidence that Church's counsel failed to understand or to communicate the plea offer to Church. The record supports the fact that Church was presented with the opportunity to plead guilty in open court on two separate occasions and chose not to do so. The record supports the conclusion that Church weighed the advice of his attorney, and made the ultimate decision about whether to enter into the plea agreement. Church cannot after being convicted claim the trial court should have intervened because he is dissatisfied with results of the choice he made.

C. Whether the trial court abused its discretion by applying the doctrine of res judicata to Church's case.

{¶42} After reviewing Church's brief including his contentions, we have interpreted Church's first assignment of error in the following manner: The trial court abused its discretion by applying the doctrine of res judicata to Church's petition for post-conviction relief.

{¶43} Regarding claims of ineffective assistance of trial counsel in post-conviction proceedings, the Ohio Supreme Court has stated that where a defendant, represented by different counsel on direct appeal, "fails to raise [in the direct appeal] the issue of

competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for post-conviction relief." *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169(1982), syllabus; *see, also, State v. Lentz,* 70 Ohio St.3d 527, 530, 1994-Ohio-532,639 N.E.2d 784. A trial court may dismiss a petition seeking post-conviction relief if it determines that the doctrine of res judicata applies. *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233.

{¶44} Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, syllabus, *approving and following State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus.

{¶45} Initially we note that evidence offered de hors the record must be more than evidence which was in existence and available to the appellant at the time of the trial and which could and should have been submitted at trial if the appellant wished to make use of it. Res judicata applies if the petition for post-conviction relief does not include any material de hors the record in support of the claim for relief,

> Normally, a constitutional claim, such as ineffective assistance of trial counsel, is based on evidence in the original trial record and is barred on post-conviction. See, e.g., *State v. Johnson* (1986), 24 Ohio St.3d 87, 88, 24 OBR 282, 283, 494 N.E.2d 1061, 1063 (brought on appeal); *Perry* at

paragraph seven of the syllabus (barred on post-conviction). It follows, therefore, that the court may apply res judicata if the petition for post-conviction relief does not include any materials outside of the original record to support the claim for relief. *Perry* at paragraph nine of the syllabus; *State v. Cole* (1982), 2 Ohio St.3d 112, 114, 2 OBR 661, 663-664, 443 N.E.2d 169, 171.

*State v. Combs,* 100 Ohio App.3d 90, 97, 652 N.E.2d 205, 209 (1st Dist. 1994)

**{¶46}** In support of his PCR petition, Church submitted his own affidavit and copies of the transcripts from the pre-trial hearings. The transcripts were available during Church's direct appeal. As a "self-serving" affidavit, the trial court could give it little or no weight. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823(1983) (letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea process might be sufficient to warrant a hearing, although defendant's own affidavit alleging same defect would not, because the former are not self-serving declarations).

**{¶47}** The judge who reviewed defendant's post-conviction relief petition was the same judge who presided at the jury trial and the sentencing hearing. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess the credibility of Church in his affidavit having presided over Church's jury trial. *Calhoun*, supra, 86 Ohio St.3d 279, 286. Church has submitted no affidavits from counsel or documentary evidence outside the trial court record to support this claim for relief.

**{¶48}** Accordingly, the trial court did not abuse its discretion by applying the doctrine of res judicata as an alternative ground to dismiss Church's PCR petition.

*Conclusion.*

{¶49} The trial court did not abuse its discretion in denying Church's petition for post-conviction relief.  Church's first, second and third assignments of error are overruled.

{¶50} The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, J.,

Wise, John, P.J., and

Hoffman, J., concur