[Cite as *State v. Timm*, 2024-Ohio-2929.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| GARY TIMM, JR. | : | Case No. 23 CAA 11 0100 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |



CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 20 CR I 11 00738


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    August 1, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA A. SCHIFFEL                  ERIC J. ALLEN
KATHERYN L. MUNGER                4200 Regent Street
145 North Union Street                  Suite 200
3rd Floor                                      Columbus, OH  43219
Delaware, OH  43015

*King, J.*

{¶ 1} Defendant-Appellant Gary Timm, Jr. appeals the October 25, 2023 judgment of the Delaware County Court of Common Pleas which denied his motion for postconviction relief without a hearing. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} A recitation of the underlying facts is not necessary for our resolution of this appeal. On November 16, 2020, the Delaware County Grand Jury returned an indictment charging Timm with one count of rape in violation of R.C. 2907.02(A)(2), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). Timm pled not guilty to the charges and opted to proceed to a jury trial which began on October 5, 2021 and concluded on October 7, 2021.

{¶ 3} After receiving the evidence and deliberating, the jury found Timm guilty as charged. At a later sentencing hearing, Timm was sentenced to an indefinite prison term of 6 to 9 years for rape, and a definite term of 12 months for gross sexual imposition. Timm was ordered to serve the sentences consecutively and was further classified as a Tier III sex offender.

{¶ 4} Timm timely filed an appeal and we affirmed his convictions. *State v. Timm*, 2022-Ohio-3010 (5th Dist.) (*Timm I*). In his direct appeal, Timm raised six assignments of error challenging 1.) a jury instruction regarding force; 2.) the sufficiency of the evidence as it related to his conviction for rape; 3.) the manifest weight of the evidence as it pertained to his conviction for gross sexual imposition; 4.) the admission of victim impact testimony; 5.) an ineffective assistance of trial counsel claim which was limited to trial

counsel's failure to challenge the constitutionality of the Regan Tokes Act and; 6.) cumulative error.

{¶ 5}   On September 8, 2022, Timm filed an application for reconsideration. On September 26, 2022, we denied the application.

{¶ 6}   On November 9, 2022, Timm filed a motion in support of jurisdiction with the Supreme Court of Ohio. On January 17, 2023, the court declined jurisdiction.

{¶ 7}   On December 22, 2022, Timm filed a motion for postconviction relief in the trial court. The same day, he filed a motion in this court seeking to reopen his appeal pursuant to App.R. 26(B). We granted the motion to reopen on January 23, 2023. Upon reopening, Timm raised three assignments of error arguing 1.) ineffective assistance of counsel when counsel failed to object to a jury instruction which lowered the burden of proof for the offense of rape; 2.) ineffective assistance of counsel for failing to object to inadmissible victim impact testimony; and 3.) that he was denied due process when the trial court allowed the victim impact testimony. On October 16, 2023, we overruled all three assignments of error. *State v. Timm,* 2023-Ohio-3768 (*Timm II*) (5th Dist.).

{¶ 8}   On October 25, 2023, the trial court denied Timm's motion for postconviction relief without a hearing. The trial court noted that Timm raised the same arguments in his motion for postconviction relief that he had in *Timm II* and therefore found the arguments were barred by res judicata.

{¶ 9}   On November 22, 2023, Timm filed a notice of appeal of the trial court's decision denying his petition for postconviction relief. (*Timm III*). The appeal was dismissed for want of prosecution.

{¶ 10} On December 4, 2023, Timm filed a motion for delayed appeal of *Timm II* with the Supreme Court of Ohio. The motion was granted on January 23, 2024 and Timm filed his memorandum in support of jurisdiction on February 20, 2024. The Court declined jurisdiction on April 30, 2024.

{¶ 11} On February 26, 2024, Timm filed a motion for reconsideration of our dismissal of *Timm III*. On March 11, 2024, we granted Timm's motion. The matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 12} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST CONVICTION PETITION FILED PURSUANT TO R.C. 2953.21."

II

{¶ 13} "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON HIS POST CONVICTION PETITION FILED PURSUANT TO R.C. 2953.21."

{¶ 14} As an initial matter, at oral argument counsel for Timm raised the possibility that the journal entry appealed from is not a final appealable order because it lacked findings of fact and conclusions of law. First, we find the judgment entry appealed from complies with R.C. 2953.21(H). Second, even if that were not true, the Supreme Court of Ohio recently address the same matter in *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774. The court held "a judgment granting or denying postconviction relief is a final, appealable order. If a trial court errs by failing to issue statutorily required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment." *Id*. ¶ 29 overruling *State v. Mapson*, 1 Ohio St.3d 217

(1982), and *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3 (1984). We therefore have jurisdiction to address Timm's assignments of error.

I, II

{¶ 15} We elect to address Timm's assignments of error together. Timm's assignments of error argue the trial court erred by denying his petition for postconviction relief without a hearing. We disagree.

Applicable Law

{¶ 16} A petition for post-conviction relief is intended as a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Smith*, 2017-Ohio-2616 ¶ 13 citing *State v. Murphy*, 2000 WL 1877526 (10th Dist. Dec. 26, 2000). A petition for post-conviction relief is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for post-conviction relief does not, therefore, provide a petitioner a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980), *State v. Lewis*, 2008-Ohio-3113, (5th Dist.) ¶ 8.

{¶ 17} Timm's petition alleged ineffective assistance of counsel. Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial

violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church*, 5th Dist. Stark No. 2017CA00216, 2018-Ohio-368, 2018 WL 618699, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). Further, the Supreme Court of Ohio has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *State v. Lentz*, 70 Ohio St.3d 527 (1994).

{¶ 18} Additionally, "[un]der the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. A petition for postconviction relief may defeat the res judicata bar only if its claims are based on evidence de hors the record. *State v. McNeill*, 137 Ohio App.3d 34, 40 (9th Dist. 2000) citing *State v. Cole*, 2 Ohio St.3d 112 (1982).

{¶ 19} A trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An

unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

Timm's Arguments

{¶ 20} Timm's petition made two claims of ineffective assistance of trial counsel. He first claimed his trial counsel failed to carefully review the case law cited by the trial court in justifying its jury instruction on force.

{¶ 21} We examined this jury instruction in both *Timm* I, 2022-Ohio-3010 (5th Dist.) at ¶¶ 42-43 and *Timm* II 2023-Ohio-3768 (5th Dist.) at ¶¶ 29-32 where Timm also claimed ineffective assistance of counsel for failing to object to the instruction. Further, Timm attached to his petition no evidentiary quality materials to support a finding that his counsel failed to review relevant case law. The trial court therefore properly found this claim barred by res judicata.

{¶ 22} Timm's second claim argued his trial counsel should have filed a motion in limine to keep out irrelevant and inadmissible evidence. Timm's petition referred to victim impact testimony introduced through the victim, her grandfather, and a friend, as well as the victim's testimony regarding an eating disorder as a result of the crimes against her.

{¶ 23} Attached to Timm's petition was a New Zealand study from April, 2000 which examined how some women who experience child sexual abuse later develop eating disorders, depression, or anxiety while others do not. His arguments, however,

were that injecting sympathy into the trial through victim impact testimony was a ploy by the State to overcome its weak evidence against Timm and that therefore trial counsel should have filed a motion in limine to keep the evidence out.

{¶ 24} Timm raised the admission of the same victim impact testimony in both *Timm I* (¶¶ 54-58) and *Timm II* (¶¶ 34-38). In *Timm II*, Timm argued counsel rendered ineffective assistance by failing to object to the admission of the victim impact testimony. We found that even if Timm could show his counsel's performance fell below an objective standard of reasonable representation, he still could not demonstrate prejudice. *Timm II* ¶ 38.

{¶ 25} Timm's petition for postconviction relief did not rely on evidence de hors the record. Rather, Timm sought to relitigate issues that have previously been addressed in both *Timm I* and *Timm II*. Timm also raised issues that were, or could have been raised in his direct appeal. The trial court therefore did not err in finding Timm's claims barred by res judicata, and in dismissing the petition without a hearing. We therefore overrule Timm's two assignments of error.

{¶ 26} The judgment of the Delaware County Court of Common Pleas is affirmed.


By King, J.,

Wise, P.J. and

Baldwin, J. concur.