[Cite as *State v. Jones*, 2026-Ohio-1438.]

## IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO<br><br>Plaintiff - Appellee<br><br>-vs-<br><br>JODY JONES<br><br>Defendant - Appellant | Case Nos. 2025 CA 0074, 2025 CA 0075, 2025 CA 0076, 2025 CA 0077,2025 CA 0078, 2025 CA 0079<br><br>Opinion And Judgment Entry<br><br>Appeal from the Court of Common Pleas Case Nos. 2022 CR 0842 R, 2022 CR 0843 R, 2022 CR 0844 R, 2023 CR 0233 R, 2023 CR 0243 R, 2023 CR 0424 R<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: April 21, 2026 |

**BEFORE:** Andrew J. King; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JODY M. SCHUMACHER, MICHELLE FINK, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*King, P.J.*

{¶ 1}   Defendant-Appellant Jody Jones appeals the August 18, 2025 judgment of the Richland County Court of Common Pleas which denied her motion for postconviction relief. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### Facts and Procedural History

{¶ 2}   This matter involved six separate cases which were joined for trial below. On December 22, 2022, the Richland County Grand Jury returned three indictments charging Jones with drug trafficking and possession charges in case numbers 2022 CR 0842, 2022 CR 0843, and 2022 CR 0844. While those matters were pending, Jones was

arrested and held in Ashland County and later indicted by the Ashland County Grand Jury on drug, tampering, and weapons charges in two separate cases.

{¶ 3} On March 22, 2023, The Richland County Grand Jury indicted Jones in cases 2023 CR 0233 and 2023 CR 0243. These cases involved drug possession and trafficking charges.

{¶ 4} On June 8, 2023, The Richland County Grand Jury indicted Jones in case number 2023 CR 0424. This case also involved drug trafficking and possession charges.

{¶ 5} On January 10, 2024, Jones appeared for a change-of-plea hearing. She entered pleas of guilty to each indicted charge in cases 2022 CR 0842, 2022 CR 0843, 2022 CR 0844 and 2023 CR 0243. In case 2023 CR 0424, the State amended count one, possession of cocaine, a felony of the first degree to a felony of the fifth degree. Jones pled guilty to the amended count and the remaining counts of the indictment. She was sentenced to an aggregate total of 12 to 14.5 years and ordered to serve the sentences consecutively to her sentence in the Ashland County cases.

{¶ 6} On September 9, 2024, Jones filed motions for delayed appeals in each matter. This court denied her motions on October 11 and 14, 2024.

{¶ 7} On February 6, 2025, Jones filed a petition for postconviction relief in each case. On April 29, 2025, Jones filed a supplemental brief in support of her petitions. On August 18, 2025, the trial court denied Jones' petitions.

{¶ 8} Jones filed an appeal and the matter is now before this court for consideration. She raises two assignments of error as follows:

I

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITIONS FOR POSTCONVICTION RELIEF IN CASE NUMBERS 22

CR 0842 R, 22 CR 0843 R, 22 CR 0844 R, 23 CR 0233 R, 23 CR 0243 R, AND 23 CR 0424 R, BASED ON ITS FINDINGS THAT APPELLANT'S CLAIMS WERE BARRED BY RES JUDICATA."

II

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POSTCONVICTION RELIEF IN CASE NUMBERS 22 CR 0842 R, 22 CR 0843 R, 22 CR 0844 R, 23 CR 0233 R, 23 CR 0243 R, AND 23 CR 0424 R, WITHOUT CONDUCTING AN EVIDENTIARY HEARING."

I, II

{¶ 11} Because they are interrelated, we address Jones' assignments of error together. Jones argues the trial court erred in denying her petition without a hearing and in concluding her claims were barred by res judicata. We agree in part, disagree in part and affirm the trial court.

Applicable Law

{¶ 12} A petition for post-conviction relief is intended as a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Smith*, 2017-Ohio-2616 ¶ 13 citing *State v. Murphy*, 2000 Ohio App. LEXIS 6129, 2000 WL 1877526 (10th Dist. Dec. 26, 2000). A petition for post-conviction relief is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for post-conviction relief does not, therefore, provide a petitioner a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980), *State v. Lewis*, 2008-Ohio-3113, (5th Dist.) ¶ 8.

{¶ 13} Jones' petition alleged in part ineffective assistance of counsel. Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church*, 2018-Ohio-368 (5th Dist.), citing *State v. Calhoun*, 86 Ohio St. 3d 279 (1999). Further, the Supreme Court of Ohio has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *State v. Lentz*, 70 Ohio St.3d 527 (1994).

{¶ 14} Additionally, "[u]nder the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. A petition for postconviction relief may defeat the res judicata bar only if its claims are based on evidence de hors the record. *State v. McNeill*, 137 Ohio App.3d 34, 40 (9th Dist. 2000) citing *State v. Cole*, 2 Ohio St.3d 112, (1982).

{¶ 15} A trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are

simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

### Jones' Claims

{¶ 16} Attached to each petition filed in this matter was an affidavit from Jones alleging her trial counsel never shared discovery with her and that if counsel had, she would not have entered guilty pleas. On April 9, 2025, Jones filed a supplemental brief and affidavit which alleged that in each of her six cases, officers lacked reasonable articulable suspicion to conduct traffic stops, that the State's evidence did not prove actual or constructive possession beyond a reasonable doubt, consent to search was not freely and voluntarily given, and the testing performed on the drugs was unreliable.

### Failure to Share Discovery

{¶ 17} We begin with Jones' allegation of ineffective assistance of counsel for allegedly failing to share discovery with her. A defendant has the constitutional right to the assistance of counsel in all criminal proceedings. Sixth Amendment, U.S. Const., amend. VI, and art. I, § 10 of the Ohio Constitution. The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

{¶ 18} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors

prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 19} While the trial court found this claim barred, we find Jones forfeited this error. There is no claim by Jones, nor evidence in the record that Jones lodged an objection related to discovery during her change-of-plea hearing. Jones has not filed a transcript of the change-of-plea hearing or any other documents that would negate a finding of forfeiture. Jones also did not file a motion to withdraw her guilty pleas, which would have been the more appropriate vehicle to address this complaint. In any event, Jones supports her allegation with nothing more than her own self-serving affidavit. Evidence outside the record in the form of a petitioner's self-serving affidavit alleging constitutional deprivation is insufficient to compel a hearing on a motion for postconviction relief. *State v. Kapper*, 5 Ohio St.3d 36, 37-38 (1983).

{¶ 20} Even if that were not true, Jones' argument would still fail. The docket in this matter reflects that the State provided discovery to counsel for Jones. Here, Jones argues she was not provided with a physical copy of that discovery, yet cites no authority to support a conclusion that she was entitled to a physical copy.

{¶ 21} Third, as for Jones' complaints regarding traffic stops, searches of her vehicle, and complaints that the testing performed on the drugs was unreliable, we note Jones never filed a motion to suppress the stops or searches. Jones could have challenged trial counsel's failure to do so in a direct appeal. Because she failed to do so, any claim of

ineffective assistance related to the stops, searches or drug testing is barred by res judicata.

{¶ 22} Finally, Jones claimed the State failed to "prove, beyond a reasonable doubt, actual or constructive possession of the items alleged to have been possessed." Supplemental affidavit at 4 b, c, e, and f, docket item 96. But Jones entered guilty pleas. Her guilty pleas were a complete admission of every material fact contained in the indictments and thus relieved the State of its duty to prove those facts. *State v. Greathouse*, 2004-Ohio-3402, at ¶¶ 7- 8 (2d Dist.). Insofar as Jones alleges ineffective assistance related to her guilty pleas, we note she was indicted on multiple cases in two different counties for the same type of criminal behavior. Jones has failed to demonstrate that she would have prevailed on a suppression motion or at trial, consequently failing to establish the prejudice prong of the *Strickland* standard.

{¶ 23} Upon full review of the record, we conclude that each of Jones' arguments are either barred by res judicta or forfeited. Accordingly, we find no abuse of discretion in the trial court's decision to deny Jones' petition without a hearing, overrule Jones' two assignments of error, and affirm the judgment of the trial court.

{¶ 24} For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.

{¶ 25} Costs to Appellant.

By: King, P.J.

Popham, J. and

Gormley, J. concur.